856 F.2d 196
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard C. FRAZIER, Defendant-Appellant.
 No. 88-3033.
 United States Court of Appeals, Sixth Circuit.
 Sept. 1, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY, Jr., and DAVID A. NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Richard Frazier, entered a Fed.R.Crim.P. 11(a)(2) conditional plea to a charge of possession of a firearm by a convicted felon. 18 U.S.C. App. II Sec. 1202(a)(1). Prior to his plea, Frazier had filed a motion to suppress evidence of the firearms which were seized when a search warrant was executed at his residence. At the conclusion of the suppression hearing, the district judge denied the motion. On appeal, Frazier claims the trial judge should have conducted an in camera hearing relative to the identity of a confidential informant whose information provided part of the probable cause for the issuance of the warrant. Judge Dowd declined the in camera hearing request. Upon review, we conclude the district judge properly exercised his discretion and accordingly, we affirm.
 
 I.
 
 2
 On October 23, 1986, a confidential informant told Detective Robert Kingzett of the Cleveland Police Department that he had visited within the past twenty-four hours a residence located at 3470 Sleepy Hollow Road in Medina County, Ohio, and had observed three automobiles in a barn located on the premises. The informant related to Kingzett that an individual known to the informant as "Friz" had told him that the vehicles were "insurance jobs" from Cleveland. The informant further stated that while he was present, "Friz" and another man, "Tony," had been disassembling the automobiles. The informant also told Kingzett that one of the cars, a 1984 white Cadillac Eldorado Biarritz, belonged to someone named "Vicnellie."
 
 
 3
 Kingzett enlisted the support of Jeffrey Burlingame, a detective with the Medina County Sheriff's Department. Burlingame said he knew a "Friz" who lived on Sleepy Hollow Road and provided Kingzett with defendant's name. Burlingame later drove by defendant's house and observed a jeep automobile similar to one of the autos referenced by the informant.
 
 
 4
 Kingzett also attempted to verify that someone named "Vicnellie" had reported an auto theft but was unable to do so. On the way to the Medina County Court of Common Pleas where Kingzett was to have the search warrant authorized, he received a radio call informing him that a "Victor Nelli" had reported the theft of a 1984 white Eldorado Biarritz. On the basis of this additional information, considered along with the original search warrant affidavit, the warrant issued. Kingzett had also represented to the issuing magistrate that the confidential informant had provided reliable information in the past.
 
 
 5
 When the search warrant was executed, the officers found a jeep automobile with altered vehicle identification numbers, but no trace of the other two vehicles mentioned by the informant.[1] The search also turned up a 9 mm and .380 caliber pistol which ultimately were the basis for the subsequent federal prosecution.
 
 II.
 
 6
 The search warrant that issued recited that the informant had seen the vehicles in question within twenty-four hours of the issuance of the warrant. This was an inadvertent error. Although the informant had initially told Kingzett he had seen the vehicle within twenty-four hours, by the time the warrant issued, considerably more time had elapsed. When Frazier filed his motion to suppress, he filed affidavits from himself and his wife denying that anyone other than the Fraziers had been on the property within the twenty-four hours prior to the execution of the warrant except a neighbor delivering hay. On the basis of these affidavits, the district court determined to hold a Franks[2] hearing to look into the truth of the search warrant affidavit. Frazier also filed a motion to compel disclosure of the identity of the informant.
 
 
 7
 At the hearing, Detective Kingzett testified to the information he had received from the informant, the corroborating information he had developed, and the circumstances surrounding the issuance and execution of the search warrant. Frazier and his wife testified along the lines of their affidavits and also testified that their barn was "so full of junk" that you could not get three automobiles inside.
 
 
 8
 Frazier also presented the testimony of three other persons who partially corroborated his statements. Clarence Kereky testified that he had delivered hay to the property on the day before the search and that the barn contained too many automobile parts to leave room to park an automobile. Kereky also stated that he owned property across the road from defendant's residence, but had never seen any of the vehicles mentioned in the warrant. Randy Pearce, Frazier's neighbor, also testified that he had never seen these automobiles on the premises or seen or heard any signs of cars. Finally, Steven Keresztesi, who was present when the police executed the search warrant, further corroborated that the interior of the barn was cluttered.
 
 
 9
 At the conclusion of the hearing, the trial judge found Kingzett to be a credible witness. The judge noted that when Kingzett got the original tip he did not know Frazier and that he had acted responsibly in his efforts to corroborate the information received. The court denied the motion to compel the disclosure of the informant.
 
 III.
 
 10
 There is no doubt since the decision in Franks that a defendant may challenge the truthfulness of the statements made in an affidavit supporting a search warrant. The Supreme Court made it clear, however, that a presumption of validity attaches to the affidavit supporting the warrant and that a defendant may not challenge the truthfulness of the information attributed to an informant contained in the affidavit. "The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant." Franks v. Delaware, 438 U.S. at 171.
 
 
 11
 Unlike the situation in the majority of cases in which a Franks challenge is made, a hearing was actually held here.[3] The affiant testified and was cross-examined. Under such circumstances the district court's conclusion as to the affiant's credibility is reviewed under a clearly erroneous standard.[4] United States v. Ritter, 752 F.2d 435 (9th Cir.1985); United States v. Langley, 466 F.2d 27 (6th Cir.1972). The facts are such here that even under a de novo standard of review, we clearly would reach the same conclusion as did Judge Dowd.
 
 
 12
 It is equally clear, apart from any considerations implicated by Franks, that the defendant was not entitled to disclosure of the informant. The decision whether the government must disclose the name of an informant must be made by balancing "the public interest in protecting the flow of information against the individual's right to prepare [a] defense." Roviaro v. United States, 353 U.S. 53, 62 (1957). Also the prosecution ordinarily need not disclose the name of an informant when the defendant seeks the information solely to challenge the probable cause supporting a warrant. McCray v. Illinois, 386 U.S. 300 (1967). The question of disclosure is left, in the first instance, to the sound discretion of the trial judge. United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir.1985), cert. denied, 475 U.S. 1030 (1986).
 
 
 13
 It is of additional significance here that the defendant was charged with a firearms offense and not auto theft or possession of stolen property. Thus, the disclosure of the informant's identity would not have aided Frazier in his defense on the substantive charge. United States v. De Los Santos, 810 F.2d 1326 (5th Cir.), cert. denied, 108 S.Ct. 490 (1987).
 
 
 14
 The government also had a strong and legitimate interest in protecting the identity of the informant. Detective Kingzett's affidavit recited that this informant had provided information that had led to the recovery of fifty-five stolen automobiles and the conviction of approximately fifteen individuals. In addition, defendant was a member of the Hell's Angels, a motorcycle gang known for violence. Thus, both the safety and future usefulness of the informant were protected by nondisclosure of the informant's identity.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The jeep was removed from the premises before the officers could confirm it was stolen and never recovered
 
 
 [2]
 Franks v. Delaware, 438 U.S. 154 (1978)
 
 
 [3]
 See United States v. Giacalone, No. 87-1924 (6th Cir. Aug. 5, 1988)
 
 
 [4]
 The district court found that the warrant's inaccurate statement regarding the timing of the informant's visit to defendant's property was inadvertent. Also, the fact that none of the vehicles mentioned by the informant were found on the property does not mean that they were never there. Detective Kingzett testified at the suppression hearing that an experienced car thief could dismantle an entire automobile in eleven minutes